UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric COLIN, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Efrain Estrada–Nava, Defendant–
Appellant.

Nos. 01–50140, 01–50152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2002.*

Filed Dec. 31, 2002.

* Case No. 01–50140 was submitted without oral argument.

440

James H. Locklin, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant Efrain Estrada–Nava.

Michael J. Treman (brief), Santa Barbara, CA, and James H. Locklin (argument), Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant Eric Colin.

Joseph H. Zwicker (on brief) and Brian Hoffstadt (argued), Assistant United States Attorneys, Los Angeles, CA, for plaintiff-appellee United States of America.

Before LAY,** CANBY, JR. and PAEZ, Circuit Judges.

## OPINION

PAEZ, Circuit Judge.

Efrain Estrada–Nava and Eric Colin were indicted on one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). They moved in the district court to suppress the evidence on which the charge was based, claiming it was the fruit of an illegal stop and search. The district court denied the motion. Estrada–Nava and Colin then pled guilty to the charge.[1] We reverse and hold that the police officer who discovered the evidence did so only after he stopped Estrada–Nava and Colin's car without reasonable suspicion, in violation of the Fourth Amendment.[2]

## BACKGROUND

On November 12, 1999, at approximately 2:05 a.m., Sergeant Thomas Carmichael observed a blue Honda traveling at 70 m.p.h. northbound in the right lane on Interstate 15. Carmichael first observed the Honda from his patrol car, which was positioned 75 yards behind it. He observed the car drift onto the solid white fog line on the far side of the right lane and watched the car's wheels travel along the fog line for approximately ten seconds. The Honda then drifted to the left side of the right lane, signaled a lane change, and moved into the left lane. Carmichael next observed the car drift to the left side of the left lane where its left wheels traveled along the solid yellow line for approximately ten seconds. The car then returned to the center of the left lane, signaled a lane change, and moved into the right lane. Carmichael pulled the car over for possible violations of California Vehicle Code § 21658(a) (lane straddling) and California Vehicle Code § 23152(a) (driving under the influence).

Appellant Efrain Estrada–Nava ("Estrada–Nava") was the driver of the car and appellant Eric Colin ("Colin") was his passenger. When Carmichael advised Estrada–Nava of the reasons for stopping him and asked for his license and registration, he noticed that both Estrada–Nava and Colin were nervous and shaking. He also noticed that the glove compartment contained a bottle of air freshener and a radar detector, that there were only three keys on Estrada–Nava's key ring, and that nei-

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Estrada–Nava and Colin entered a conditional plea agreement that preserved their right to appeal the district court's ruling on their motion to suppress.

2. Because we hold that the police officer lacked reasonable suspicion to stop Estrada–Nava and Colin, in violation of the Fourth Amendment, we decline to reach the issue of whether the stop was motivated by a programmatic aim to enforce drug and weapons laws.

ther Estrada–Nava nor Colin owned the Honda. Suspecting that the car might have been stolen, Carmichael separately questioned Estrada–Nava and Colin about the ownership of the vehicle. On the basis of their slightly conflicting stories, their nervous appearances, and his own training and experience, Carmichael concluded they might be involved in drug trafficking. Estrada–Nava and Colin separately consented to a search of the Honda, which revealed marijuana and methamphetamine.[3]

Colin filed a motion to suppress the narcotics evidence, in which Estrada–Nava joined, arguing that Carmichael illegally stopped the Honda and illegally detained the two of them thereafter. After an evidentiary hearing, the district court denied the motion, concluding that Carmichael had reasonable suspicion to stop the car and that the evidence therefore was legally obtained. Estrada–Nava and Colin appealed.

## STANDARD OF REVIEW

We review *de novo* the district court's determination of reasonable suspicion. *United States v. Arvizu*, 534 U.S. 266, 275, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)); *see also United States v. Mariscal*, 285 F.3d 1127, 1129 (9th Cir.2002). We review the district court's findings of fact for clear error. *Mariscal*, 285 F.3d at 1129; *see also United States v. Lopez–Soto*, 205 F.3d 1101, 1103 (9th Cir.2000).

## DISCUSSION

The Fourth Amendment's prohibition against unreasonable searches and seizures applies to investigatory traffic stops. *Arvizu*, 534 U.S. at 273, 122 S.Ct. 744; *United States v. Sigmond–Balleste-*

*ros*, 285 F.3d 1117, 1121 (9th Cir.2002), *reh'g en banc denied by* 309 F.3d 545 (9th Cir.2002). To justify an investigative stop, a police officer must have reasonable suspicion that a suspect is involved in criminal activity. *Lopez–Soto*, 205 F.3d at 1104–05. Reasonable suspicion is formed by "specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id.* at 1105 (internal quotation marks and citations omitted); *see also Mariscal*, 285 F.3d at 1130; *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000). An officer's inferences must "be grounded in objective facts and be capable of rational explanation." *Lopez–Soto*, 205 F.3d at 1105 (internal quotation marks and citations omitted); *see also Mariscal*, 285 F.3d at 1130; *Twilley*, 222 F.3d at 1095. In reviewing the district court's determination of reasonable suspicion, we must look at the "totality of the circumstances" to see whether the officer had a "particularized and objective basis" for suspecting criminal activity. *Arvizu*, 534 U.S. at 273, 122 S.Ct. 744 (internal quotation marks and citations omitted); *see also United States v. Diaz–Juarez*, 299 F.3d 1138, 1141–42 (9th Cir.2002). Officers are encouraged to draw upon their own specialized training and experience in assessing the "totality of the circumstances." *Arvizu*, 534 U.S. at 272–75, 122 S.Ct. 744.

### A. Standing

To challenge their stop on Fourth Amendment grounds, Estrada–Nava and Colin must have a reasonable expectation of privacy in the Honda. *United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir.2001). We have held that occupants of a vehicle have standing to challenge on Fourth

---

3. We have cited only the facts relevant to our disposition of the case.

Amendment grounds an officer's stop of their vehicle even if they have no possessory or ownership interest in the vehicle. *Twilley*, 222 F.3d at 1095 (citations omitted). We therefore conclude that Estrada–Nava and Colin have standing to challenge the stop.

### B. The Stop

Carmichael stopped Estrada–Nava and Colin for possible violations of California Vehicle Code section 21658(a) (lane straddling) and section 23152 (driving under the influence). We will address each of these potential violations in turn. Carmichael also thought that Estrada–Nava may have been fatigued. We will address this issue together with section 23152.

### 1. *California Vehicle Code § 21658(a) ("lane straddling")*

Carmichael stopped Estrada–Nava and Colin in part for violating California's "lane straddling" statute. The statute states:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic in one direction, the following rules apply: (a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety.

Cal. Veh.Code § 21658(a). Under the proper construction of this statute, Estrada–Nava and Colin's conduct was not a violation.

■■■ When interpreting California Vehicle Code section 21658(a), we are bound to follow the decisions of the California Supreme Court. *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir.2002). If the California Supreme Court itself has not interpreted the meaning of this code provision, then we must predict how the court would interpret the code in light of California appellate court opinions, deci-

sions from other jurisdictions, statutes, and treatises. *Id.; see also S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 473 (9th Cir.2001); *In re Watts*, 298 F.3d 1077, 1082–83 (9th Cir. 2002) (adopting state's interpretation of a state law in light of two subsequent state appellate court opinions at odds with federal court's prior interpretation of the law).

The California Supreme Court has not issued an opinion directly addressing section 21658(a). The Los Angeles Superior Court, Appellate Department, however, interpreted this statute in *People v. Butler*, 146 Cal.Rptr. 856 (1978). In *Butler*, the court interpreted "and" as used in section 21658(a) to mean "or;" that is, to be read disjunctively. *Id.* at 857. The court reasoned:

> It is our view that section 21658, subdivision (a) simply states two affirmative duties placed upon the operator of a motor vehicle. One of these is to drive as nearly as practicable entirely within one lane. A separate duty is not to move from that lane until the movement can be made with reasonable safety.

*Id.* Although the driver in *Butler* made no unsafe lane changes, the court held that he failed to drive within a single lane, thus violating section 21658(a). *Id.*

The California Supreme Court has cited *Butler* with approval for the proposition that:

> The inadvertent use of 'and' where the purpose or intent of a statute seems clearly to require 'or' is a familiar example of a drafting error which may properly be rectified by judicial construction.

*See People v. Skinner*, 39 Cal.3d 765, 217 Cal.Rptr. 685, 704 P.2d 752, 758 (1985). The court's approval of the reasoning in *Butler* suggests it is likely to agree with the *Butler* court's interpretation of section

21658(a). *See also Friedman v. City of Beverly Hills,* 47 Cal.App.4th 436, 54 Cal. Rptr.2d 882, 886 (1996) (citing *Skinner* and *Butler* for the proposition that the word "and" in a statute may be read as "or" to effectuate legislative intent).

Even if we interpret section 21658(a) to impose two separate duties on drivers—to stay within a single lane and to make safe lane changes—we conclude that Estrada–Nava and Colin did not violate the statute.

■ Estrada–Nava and Colin's car *touched* for approximately ten seconds, but *did not cross,* the fog line and the solid yellow-painted line. The district court concluded on the basis of these facts that Carmichael had reasonable suspicion to stop Estrada–Nava and Colin for lane straddling because "[a] common sense definition of lane straddling ... includes a situation in which a vehicle's wheels rest on the marking line." We disagree, and conclude that based on the "totality of the circumstances," Carmichael lacked the requisite reasonable suspicion to stop Estrada–Nava and Colin for lane straddling.

As the district court pointed out, neither section 21658(a) nor California case law specifies what is meant by "drive as nearly as practical entirely within a single lane." It therefore is unclear under California law whether a car's wheels must *cross over* a line for there to be a violation of lane straddling. Courts in other states, however, that have interpreted statutes similar to, if not the same as, section 21658(a) have held that touching the line is not enough to constitute lane straddling. *See, e.g., United States v. Gregory,* 79 F.3d 973, 978 (10th Cir.1996) (holding that an isolated incident of a vehicle crossing into the emergency lane of a roadway does not violate state statute's requirement that vehicles remain entirely in a single lane "as nearly as practical"); *United States v. Guevara–Martinez,* 2000 WL 33593291, at

*2 (D.Neb. May 26, 2000) (interpreting a similar Nebraska statute and concluding that touching, but not crossing, the broken line between two southbound lanes twice in a half mile did not violate the statute's "near as practicable" requirement), *aff'd,* 262 F.3d 751 (8th Cir.2001); *Rowe v. State of Maryland,* 363 Md. 424, 769 A.2d 879, 889 (2001) (concluding that "momentary crossing of the edge line of the roadway and later touching of that line" was not reasonable suspicion to justify traffic stop); *State v. Caron,* 534 A.2d 978, 979 (Me. 1987) (holding that there was not reasonable suspicion to justify a stop because a vehicle's "one time straddling of the center line of an undivided highway is a common occurrence"); *State v. Tarvin,* 972 S.W.2d 910, 912 (1998) (holding that police officer did not have reasonable suspicion to stop the defendant's vehicle where the defendant's car "touch[ed] the right-hand white line"). These cases suggest that to violate a lane straddling statute, a driver must do more than simply touch, even for 10 seconds, a painted line on a highway. *See Rowe,* 769 A.2d at 887–88 (citing cases in which courts have upheld traffic stops and noting that the conduct justifying the stop was "more egregious" than touching the line or briefly crossing over it).

Even if we assume, as the district court did, that "if the wheels were *on* the line, then that part of the vehicle that extends beyond the wheels was *over* the line and the car was traveling in two lanes," we still conclude that there was not reasonable suspicion to stop Estrada–Nava and Colin for a violation of section 21658(a). Touching a dividing line, even if a small portion of the body of the car veers into a neighboring lane, satisfies the statute's requirement that a driver drive as *"nearly as practical* entirely within a single lane." Cal. Veh.Code § 21658(a) (emphasis added); *see also Crooks v. State,* 710 So.2d

1041, 1043 (Fla.Dist.Ct.App.1998) ("Because the record does not establish how far into the righthand emergency lane [defendant] drove on any of *three* occasions, there is no basis to state that he was outside the 'practicable' lane." (emphasis added)). The Honda touched the lines only twice, both times before making safe lane changes. It is reasonable that a driver with no cars abreast of him might veer slightly within his lane or over the lane line in the course of making a lane change to ensure that it is safe to do so.

In sum, we conclude that the facts, taken together, support the conclusion that Carmichael lacked probable cause to stop Estrada–Nava and Colin for lane straddling.

### 2. *California Vehicle Code § 23152 (driving under the influence)*

At the evidentiary hearing on the motion to suppress, Carmichael testified that he stopped Estrada–Nava and Colin in part for a "possible" violation of driving under the influence.[4] He described Estrada–Nava's "unusual" driving pattern as follows:

> Most people who travel the highway travel the main portion of the lane which is pretty much the center of the lane. To travel the extreme right for an extended period of time and then travel to the extreme left portion of the lane and then make the lane change and then travel again to the extreme left portion of that lane, those are irregular driving patterns.

The district court concluded on the basis of Carmichael's testimony that "he was reasonable in concluding ... that the mere fact Estrada–Nava signaled as he moved back and forth across the highway did not neutralize the erratic pattern of driving he observed." We disagree.

 Although we recognize that in some cases evidence of weaving might be indicative of driving under the influence, we disagree that the evidence in this case was sufficient for Carmichael to harbor a reasonable suspicion that Estrada–Nava was driving under the influence, thus justifying the stop. Carmichael testified that he observed Estrada–Nava and Colin's vehicle for 35–45 seconds before pulling it over, and that during this time, Estrada–Nava drove within the speed limit and properly activated his turn signals before making lane changes. Carmichael thought Estrada–Nava was "possibly" driving under the influence because the car's wheels touched the fog line on the right side of the right lane for 10 seconds and then, about 5–10 seconds later, touched the yellow line on the far left of the left lane for another 10 seconds.

In *People v. Perez,* an officer with training and experience in handling cases involving driving under the influence observed a driver weave within his lane (two feet in each direction) for approximately three-quarters of a mile. The court considered as a matter of first impression in California whether an officer "may lawfully detain a driver[on the basis of driving under the influence] who has been observed to be weaving *within his lane.*" 221 Cal. Rptr. 776, 777 (1985) (emphasis added).[5] Adopting the reasoning of cases from other states in which courts have held that weaving within one's lane for substantial distances creates reasonable suspicion of driving under the influence, the court held

---

4. Carmichael also testified that he thought Estrada–Nava was possibly fatigued or ill.

5. The court noted that it has been clearly established in California that "weaving from one lane to another justifies an investigatory stop." *Id.*

that *"pronounced* weaving within a lane provides an officer with reasonable cause to stop a vehicle on suspicion of driving under the influence where such weaving continues for a *substantial* distance." *Id.* at 778 (emphasis added).

Here, Estrada–Nava and Colin did not demonstrate "pronounced weaving" of up to two feet in either direction, or weave for a "substantial distance." In fact, the only "suspicious" behavior Carmichael observed was Estrada–Nava and Colin's car touching the right fog line and the center yellow line each for 10 seconds, after legitimate lane changes. This is hardly "pronounced weaving." *See State v. Caron,* 534 A.2d 978, 979 (Me.1987) (holding that "single, brief straddling of the center line of the undivided highway, with no oncoming traffic in sight and no vehicles passing on the left … did not give rise to an objectively reasonable suspicion" of intoxication or fatigue); *State v. Bello,* 871 P.2d 584, 587 (Utah Ct.App.1994) (finding a single incident of weaving in windy conditions insufficient to justify a stop based on suspicion of drunk driving). Similarly, Carmichael's entire observation lasted only 35–45 seconds, which is not long enough to show that Estrada–Nava and Colin were weaving for a "substantial" distance. We agree with the Tenth Circuit, which has aptly observed:

> [I]f failure to follow a perfect vector down the highway or keeping one's eyes on the road were sufficient reasons to suspect a person of driving while impaired, a substantial portion of the public would be subject each day to an invasion of their privacy.

*United States v. Lyons,* 7 F.3d 973, 976 (10th Cir.1993), *overruled on other grounds by United States v. Botero–Ospina,* 71 F.3d 783, 786–87 (10th Cir.1995).

As a final note, we find it curious that Carmichael did not conduct a sobriety field test or ask Estrada–Nava if he had been drinking when he stopped the car. This further convinces us that Carmichael did not harbor reasonable suspicion that Estrada–Nava was driving under the influence. *See United States v. Gregory,* 79 F.3d 973, 978 (10th Cir.1996) (concluding that where officer did not conduct a road sobriety test after stopping the defendant for briefly crossing into the right emergency shoulder lane, he did not have reasonable suspicion that the defendant was intoxicated); *United States v. Ochoa,* 4 F.Supp.2d 1007, 1012 (D.Kan.1998) (finding that a single drifting onto the shoulder did not justify stopping defendant on the basis of fatigue and that officer's failure to conduct a sobriety test suggests he did not have reasonable suspicion defendant was intoxicated).

█ In sum, we conclude Carmichael did not have reasonable suspicion to stop Estrada–Nava and Colin based on lane straddling or driving under the influence. As a result, the methamphetamine he seized through the search of their vehicle should have been suppressed. *See United States v. Twilley,* 222 F.3d 1092, 1097 (9th Cir.2000) (finding that search and resulting seizure were products of illegal stop and that evidence therefore should have been suppressed); *United States v. Lopez–Soto,* 205 F.3d 1101, 1106 (9th Cir.2000) (suppressing evidence that police officer gathered pursuant to an unconstitutional stop); *United States v. Millan,* 36 F.3d 886, 890 (9th Cir.1994) ("Because the interrogation and search were a direct result of the illegal stop, we hold that all of the evidence must be suppressed."). We further conclude that Estrada–Nava's and Colin's consent to search their car was unlawfully obtained pursuant to the illegal stop and

therefore did not purge the taint.[6] *See United States v. Chavez–Valenzuela,* 268 F.3d 719, 727 (9th Cir.2001) ("[E]vidence obtained subsequent to an illegal investigation is tainted by the illegality and thus inadmissible, notwithstanding the suspect's consent, unless subsequent events have purged the taint."), *amended by* 279 F.3d 1062 (9th Cir.2002); *Twilley,* 222 F.3d at 1097 (holding that the evidence obtained as part of an illegal stop should have been suppressed even where the defendants consented to the search).

### C. Ex Parte Application for Out-of–District Subpoena

Estrada–Nava and Colin also appeal the district court's denial of their *ex parte* application for issuance of an out-of-district subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c). In their respective plea agreements, Estrada–Nava and Colin reserved only their right to seek review of the district court's denial of the motion to suppress. They did not reserve the right to appeal "any other determination or issue," including the district court's denial of their *ex parte* application for a subpoena duces tecum. As a result, Estrada–Nava and Colin have waived this issue on appeal, and we decline to rule on it. *See United States v. Chon,* 210 F.3d 990, 995 (9th Cir.2000) (holding that appellants waived all issues "not expressly reserved for appeal" in their conditional guilty pleas); *United States v. Alexander,* 761 F.2d 1294, 1303 (9th Cir.1985) (declining to rule on issues that were not reserved for appeal in the conditional plea agreement).

**6.** There were no intervening events that purged the illegal taint. *See United States v. Sigmond–Ballesteros,* 285 F.3d 1117, 1127 (9th Cir.2002) (holding that evidence obtained

## CONCLUSION

Because we hold that Carmichael did not have reasonable suspicion to stop Estrada–Nava and Colin and that the motion to suppress therefore should have been granted, we need not address the constitutionality of Estrada–Nava's and Colin's subsequent detention.

REVERSED and REMANDED.

pursuant to an unlawful stop should have been suppressed because there were no intervening events that purged the illegal taint).