UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose De Jesus SANDOVAL–
GONZALEZ, Defendant–
Appellant.

No. 02–50501.
D.C. No. CR–02–00718–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2003.

Decided Aug. 27, 2003.

William P. Cole, Esq., USSd—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Ramiz Nasser, FPD, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before ALDISERT,* TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

■■ 1. There was no *Terry* stop when the investigating officer initially approached Sandoval–Gonzalez. Sandoval–Gonzalez's car was broken down in a public place, and the officer stopped to provide assistance. *See Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (noting that "a seizure does not occur simply because a police officer approaches an individual and asks a few questions"). By the time Sandoval–Gonzalez was detained and frisked, the officers had "a particularized and objective basis for suspecting criminal activity." *See United States v. Colin,* 314 F.3d 439, 442 (9th Cir.2002) (citations and internal quotation marks omitted). Specifically, Sandoval–Gonzalez could not produce any identification when asked to do so by the police; he identified himself to the police using different names; he informed the police that he was subject to probation or parole conditions; and he was discovered in a high crime area at three o'clock in the morning.

■■ 2. On appeal, Sandoval–Gonzalez asserts that the police officers exceeded the scope of the *Terry* stop when they forced him to remove his clothing so that they could examine his tattoos. Sandoval–Gonzalez waived this argument by failing to present it to the district court. *See United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir.2001).

3. The district court did not err in denying Sandoval–Gonzalez's motion to suppress based on an impermissible frisk. The police officer frisked Sandoval–Gonzalez so as to take "such steps ... reasonably necessary to protect ... personal safety and to maintain the status quo during the course of the stop." *See United States v. $109,179 in United States Currency,* 228 F.3d 1080, 1084 (9th Cir.2000) (citation omitted).

■■ 4. Sandoval–Gonzalez voluntarily requested that he be allowed to sit in the police car; he was not handcuffed; and he volunteered that he was an illegal alien. Under the totality of circumstances, Sandoval–Gonzalez was not in custody for *Miranda* purposes. *See Alvarado v. Hickman,* 316 F.3d 841, 846 (9th Cir.2002).

■■ 5. The district court did not err in providing a derivative citizenship instruction after the jury retired. "[A] defendant is not entitled to any particular form of an instruction, so long as the instructions given fairly and adequately cover his theories of defense." *United States v. Dixon,* 201 F.3d 1223, 1231 (9th Cir.2000) (citation omitted). The district court did not abuse its discretion in denying Sandoval–Gonzalez's request to reopen closing argument because Sandoval–Gonzalez's theory of defense was adequately covered in defense counsel's closing argument given before

* This Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the jury retired. *See United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989).

6. Sandoval–Gonzalez's argument that the indictment was insufficient since it failed to allege a voluntary entry as an element of the "found in" offense pursuant to 8 U.S.C. § 1326 is foreclosed by our holding in *United States v. Parga–Rosas,* 238 F.3d 1209, 1213 (9th Cir.2001).

AFFIRMED.