**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo CRUZ–MARTINEZ, aka**
**Gerardo Martinez–Cruz**
**Defendant–Appellant.**

No. 02–50578.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Jan. 27, 2004.

Patrick K. O'Toole, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Todd Burns, afp, Ramzi Nasser, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before: FISHER and BYBEE, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Appellant Gerardo Cruz–Martinez ("Cruz–Martinez") appeals his conviction, after a three day trial, for importing thirty-three kilograms of marijuana, a controlled substance pursuant to 21 U.S.C. §§ 952 and 960, and possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the conviction.

The issues before this court are whether the district court properly (1) determined that reasonable suspicion supported the search; (2) held that handcuffing and escorting Cruz–Martinez to the security office was not an arrest; (3) refused to conduct an evidentiary hearing; (4) admitted the contents of a custom agent's notes (but not the notes themselves); and (5) instructed the jury on the drug charges.

### 1. Reasonable Suspicion Supported the Search

A district court's determination that the government's border search was legal is reviewed de novo. *See United States v. Ani*, 138 F.3d 390, 391 (9th Cir. 1998).

The Fourth Amendment generally prohibits warrantless searches without probable cause subject to a few narrow exceptions. *United States v. Molina–Tarazon*, 279 F.3d 709, 712 (9th Cir.2002). One such exception is the border search, which permits routine border searches without suspicion and non-routine border searches supported by reasonable suspicion. *Id.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

If the conduct of the search goes beyond the routine, reasonable suspicion must exist. *Id.* We examine the " 'totality of the circumstances' of each case to see whether the detaining officer ha[d] a 'particular and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citation omitted).

Here, customs officers had reasonable suspicion to conduct the bumper search. *See United States v. Montoya de Hernandez,* 473 U.S. 531, 541, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). Cruz–Martinez told the customs inspector that he was driving his cousin's car. The customs inspector noticed that Cruz–Martinez's trembling hands and breaking voice indicated nervousness. *See United States v. Chavez–Valenzuela,* 268 F.3d 719, 726 (9th Cir. 2001) (nervousness as one factor in establishing reasonable suspicion), *amended by* 279 F.3d 1062 (2002); *United States v. Taylor,* 934 F.2d 218, 219 (9th Cir.1991) (nervousness at border justifying referral for secondary inspection). When the inspector opened the trunk, *see* 19 U.S.C. § 1581(a) (authorizing searches of trunks of vehicles at the border without suspicion), *cf. Montoya de Hernandez,* 473 U.S. at 538, he noticed that the trunk was not as deep as in vehicles of this type. *See United States v. Bravo,* 295 F.3d 1002, 1008 (9th Cir.2002) (citing space discrepancy as a relevant factor); *United States v. Colin,* 314 F.3d 439, 442 (9th Cir.2002) (inspector's experience relevant to observations made). Cruz–Martinez's nervousness, his driving a vehicle that did not belong to him, and the space discrepancy in the trunk provided reasonable suspicion to warrant a non-routine search of the vehicle.

**2. Border Detention**

■ Detention and questioning during routine searches at the border are considered reasonable within the meaning of the Fourth Amendment. *Bravo,* 295 F.3d at 1008. The expectation of privacy is less at the border than in the interior, and the Fourth Amendment balance between the interests of the government and the privacy right of the individual weighs in favor of the government at the border. *Montoya de Hernandez,* 473 U.S. at 539–40. While a detention at the border does not require probable cause, an arrest still must be supported by probable cause. *Bravo,* 295 F.3d at 1009.

The standard for determining whether a person at the border is under arrest is whether a reasonable person would believe that he was being subjected to more than "a temporary detention occasioned by border crossing formalities." *United States v. Butler,* 249 F.3d 1094, 1100 (9th Cir.2001). A brief detention at the border of persons presenting themselves for admission to the United States is not custodial, even though such persons are not free to leave or to refuse a search. *Id.* at 1098. The government has more latitude to detain persons in a border-crossing context. *See United States v. Doe,* 219 F.3d 1009, 1014 (9th Cir.2000).

In the instant case, during the initial detention, the narcotics detector dog alerted the inspector to the trunk of the vehicle. A discrepancy in the depth of the trunk was then discovered. At that time, Cruz–Martinez was handcuffed at the primary inspection, frisked outside the vehicle, and taken to a security office where the handcuffs were removed. Cruz–Martinez waited in the security office during the secondary inspection of the vehicle. At this point, Cruz–Martinez was not under arrest; this was merely a detention as Cruz–Martinez was unhandcuffed during the vehicle search and was free to leave if no drugs were discovered in the vehicle.

*See Butler,* 249 F.3d at 1100 (holding that "mere detention of a person in a border station's security office from which he or she is not free to leave, while a search of a vehicle occurs, is not 'custody' for these purposes").

Accordingly, the district court correctly ruled that Cruz–Martinez was not arrested when initially handcuffed at the border during the primary inspection. At that time Cruz–Martinez was merely detained.

After the secondary inspection of the vehicle, an agent informed Cruz–Martinez that marijuana had been discovered in the vehicle. Only then was Cruz–Martinez placed under arrest and no longer free to leave. After the drive to San Ysidro, the agent informed Cruz–Martinez of his constitutional rights prior to any further questioning.

### 3. Evidentiary Hearing

■ A district court's decision whether to conduct an evidentiary hearing is reviewed for an abuse of discretion. *See United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000).

Prior to trial, Cruz–Martinez moved to suppress evidence based on an arrest without probable cause and a non-routine border search without reasonable suspicion. The district court refused to hold an evidentiary hearing. Subsequently, the district court found that the initial handcuffing at the primary inspection did not constitute an arrest and that removing the bumper was a routine search, not requiring any level of suspicion.

The district court did not abuse its discretion when it denied an evidentiary hearing. The lower court, during a motion hearing, trial setting, and the trial itself, listened to testimony about the removal of the bumper and the detention and made rulings concerning each issue. Because the district court entertained these issues

numerous times there was "no controverted fact sufficient to require an evidentiary hearing." *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986). Accordingly, the district court did not abuse its discretion.

### 4. Admission of Agent's Notes

The trial court's refusal to allow impeachment evidence is reviewed for an abuse of discretion. *United States v. Rowe,* 92 F.3d 928, 933 (9th Cir.1996).

■ At trial, the agent had testified that Cruz–Martinez knew that "shit" meant drugs. During the cross examination of the agent, Cruz–Martinez attempted to impeach him by introducing into evidence the agent's notes taken at the time the arrest was made. Cruz–Martinez was attempting to show, using the agent's notes, that Cruz–Martinez said at his arrest that shit "could be or mean to be heroin, cocaine, marijuana, or any other drug." Finding the agent's notes to be inadmissible hearsay, the district court refused to admit the notes into evidence and did not allow them to be read to the jury.

Impeachment by inconsistent statement is governed by Fed.R.Evid. 613(b). This rule permits the admission of prior inconsistent statements. That a contradiction is contained in a writing it does not necessarily bar admission of the document itself. *See Gordon v. United States,* 344 U.S. 414, 420–21, 73 S.Ct. 369, 97 L.Ed. 447 (1953).

Here, the notes were not hearsay, because they were not offered for the truth of the matter asserted. Rather, the notes were offered as a prior inconsistent statement. Therefore, the district court erred in excluding strictly on hearsay grounds. But the colloquy between defense counsel and the agent, which contained the substance of the notes—that shit "could be or mean to be heroin, cocaine, marijuana, or any other drug"—was admitted. Thus, the jury did, in fact, hear this evidence.

Accordingly, even assuming the district court erroneously excluded the agent's notes on hearsay grounds, the error was harmless. *See Rowe,* 92 F.3d at 933.

**5. Jury Instructions**

A district court's formulation of jury instructions is reviewed for an abuse of discretion. *See United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir.2002). We must review "jury instructions as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation." *United States v. Vallejo,* 237 F.3d 1008, 1024 (9th Cir.2001).

The district court's jury instruction was consistent with the Ninth Circuit model instruction pertaining to 21 U.S.C. §§ 952 and 960. This instruction applied the "prohibited drug" formulation articulated in the model instructions. We have held that this instruction applies to persons indicted under 21 U.S.C. §§ 952 and 960 and is neither wrong nor misleading. *See Vallejo,* 237 F.3d at 1025 n. 8. Accordingly, the district court did not err in giving this instruction.

AFFIRMED