UNITED STATES of America,
Plaintiff—Appellee,

v.

Robby Dale ROSS, Defendant—
Appellant.

No. 04–10012.
D.C. No. CR. F–01–5192 AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 12, 2004.

E. Robert Wright, Esq., Fresno, CA, for Plaintiff-Appellee.

Mark A. Lizarraga, Federal Public Defender, Fresno, CA, for Defendant-Appellant.

Before MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Robby Dale Ross appeals from a judgment of conviction in the United States District Court for the Eastern District of California (Ishii, J.), entered pursuant to a conditional guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ross contends that police lacked reasonable suspicion to stop a vehicle in which he was a passenger and that the gun discovered in an immediately subsequent search was therefore "fruit of the poisonous tree." Familiarity with the relevant facts and procedural history is presumed.

Under the Fourth Amendment, government officials may conduct an investigatory stop of a vehicle only if they possess "reasonable suspicion: a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir.2000) (internal quotation marks omitted); *see also Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Such reasonable suspicion "requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." *Thomas*, 211 F.3d at 1189 (internal quotation marks omitted). The court must consider the totality of the circumstances, examining all relevant factors, including those that—standing alone or in a different context—would be totally innocuous. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). A district court's finding of reasonable suspicion is reviewed *de novo*, *see United States v. Smith*, 790 F.2d 789, 792 (9th Cir.1986), although its underlying factual findings are reviewed for clear error, *see United States v. Rojas–Millan*, 234 F.3d 464, 468 (9th Cir.2000).

■ Applying these standards, we conclude that there was sufficient evidence to believe that the driver was intoxicated: (1) the car remained stopped at a stop sign for almost a full minute; (2) after the car stalled, it had to be restarted by the passenger—the driver was apparently incapa-

---

* The Honorable Thomas J. Meskill, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–6.

ble of restarting it; (3) the car weaved within its lane; and (4) all of this occurred at approximately 2:00 AM. Although Ross speculates about innocent explanations for all of these facts—and, indeed, the driver was *not* intoxicated—the police need only have had a reasonable suspicion that the driver was intoxicated.

Ross argues that in *United States v. Colin,* 314 F.3d 439, 445–46 (9th Cir.2002), we reversed a finding of reasonable suspicion because, although the driver weaved within a lane, that weaving was not "pronounced." But *Colin'*s stop was premised *solely* on the weaving—the court noted that the driver made several legitimate lane changes along with proper turn signals. *See id.* Similarly, *United States v. Gregory,* 79 F.3d 973, 978 (10th Cir.1996), relied on by Ross, involved a driver's "isolated movement into the right shoulder."

This case more closely resembles *United States v. Fernandez-Castillo,* 324 F.3d 1114 (9th Cir.2003). In that case, we affirmed a finding of reasonable suspicion where an officer observed a car weaving within its own lane and observed the driver behaving oddly—sitting close to the steering wheel. In addition, the officer had received a report that the car had been seen driving "erratically." Although any of these factors, taken alone, might not provide a basis for reasonable suspicion, taken together they did. *See id.* at 1120.

Similarly, Ross' car weaved within its own lane *and* there was other suspicious behavior—the driver's extended pause at the stop sign, her inability to restart the car and the lateness of the hour. These facts combine to create reasonable suspicion that the driver was intoxicated, and thus to justify the stop.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

■ Finally, the district court did not err in declining to hold an evidentiary hearing. At the time the district court ruled on Ross' second suppression motion, it had already received ample evidence. In addition to reviewing the argument of counsel, affidavits, transcripts of police radio calls, a declaration from Ross' investigator, and the state court preliminary hearing transcript, it had sat through Ross' first trial and heard the arresting officer testify at length. The court was well within its discretion in declining to hold a hearing. *See United States v. Sarno,* 73 F.3d 1470, 1502 (9th Cir.1995). We therefore affirm.