**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Antonio TORRES, Defendant—**
**Appellant.**

No. 04–10186.

D.C. No. CR–03–00345–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 22, 2004.

Judson Thomas Mihok, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM [**]

Antonio Torres appeals the denial of his motion to suppress about ninety-three pounds of marijuana discovered when he was stopped for a traffic violation of Arizona Revised Statute section 28–730(A), which prohibits following too closely. Torres challenges the constitutionality of the traffic stop and the subsequent inventory search of the rental car he was driving. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Torres first argues that Officer Edward Perez lacked "reasonable suspicion" for the traffic stop. The requirement of reasonable suspicion for an investigatory stop is satisfied when there are "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Garcia–Camacho,* 53 F.3d 244, 246 (9th Cir.1995) (internal quotation marks and citation omitted); *United States v. Twilley,* 222 F.3d 1092, 1095 (9th Cir.2000). An officer's inferences can be informed by his or her training and experience, but must "be grounded in objective facts and be capable of rational explanation." *United States v. Colin,* 314 F.3d 439, 442 (9th Cir.2002) (internal quotation marks and citation omitted).

With this standard in mind, we address the particular law that was the justification for the traffic stop. Arizona Revised Statute section 28–730(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent and shall have due regard for the speed of the vehicles

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on, the traffic on and the condition of the highway.

Officer Perez stopped Torres because he was following behind another car at a distance of five to fifteen feet, at the speed of fifty-five miles per hour. Based on some six years of experience, Officer Perez believed that this distance was too close for safety. Officer Perez testified at trial that, in his mind, a car is following too closely if "it would not have enough time to stop without hitting the other vehicle or running off the roadway." We conclude that Officer Perez's belief was "objectively grounded" in a valid interpretation of Arizona traffic law and based on his direct observation—the distance he observed between the two cars traveling at high speed. That Officer Perez could not recite the exact language of the statute is of no consequence, because his testimony fairly and with common sense described the scope of this not unusual traffic law. *See United States v. Wallace*, 213 F.3d 1216, 1220 (9th Cir.2000). Nor does it matter that at the time of the stop the weather was clear, or that there was little other traffic; the Arizona statute delineates those elements as considerations, not requirements, for the finding of a violation, and the proximity of Torres's car to the one he was following created a reasonable suspicion of violation even in the best of weather. We hold that Officer Perez had reasonable suspicion to stop Torres.

▮ Torres also challenges Officer Perez's subsequent inventory search of the rental car.[1] After stopping Torres for the traffic violation, Officer Perez learned that Torres was driving without a driver's license and was not an authorized driver under the rental car agreement. Because

Torres could not legally drive the car, Officer Perez followed a correct and routine procedure to seize the vehicle in order to return it to the rental agency. In such a situation, an inventory search "to protect against any danger to [the officer] or others that may have been posed by the property," is properly undertaken by the officer. *See United States v. Mancera-Londono*, 912 F.2d 373, 376 (9th Cir.1990); *cf. Colorado v. Bertine*, 479 U.S. 367, 372–73, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

AFFIRMED.

---

1. We may assume, without deciding, that Torres has Fourth Amendment standing, or a legitimate expectation of privacy, from which to challenge the inventory search. For the inventory search, as explained above, did not offend the Fourth Amendment, assuming that Torres could pose this challenge.