**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Matthew Eugene DUPAS, Defendant—
Appellant.**

No. 04–50055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided March 28, 2005.

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, Richard Y. Lee, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff—Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: GIBSON,* GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant Matthew Eugene Dupas appeals his conviction, following a conditional guilty plea, to possession of stolen mail in violation of 18 U.S.C. § 1708.[1] He challenges the district court's denial of his motion to suppress evidence seized after a traffic stop. We review de novo the denial of a motion to suppress, but we review the court's underlying findings of fact for clear error. *United States v. Mariscal*, 285 F.3d 1127, 1129 (9th Cir.2002).

The traffic stop was supported by reasonable suspicion.

The district court found that the officer was credible. The officer saw that Defendant's car lacked a front license plate and believed that the absence of the plate violated California Vehicle Code § 5200. The officer's belief that the car was registered in California and, therefore, that Defendant had violated the statute was reasonable; reasonable suspicion is not certainty.

The officer also reasonably suspected that Defendant was driving under the influence of intoxicants. The officer followed Defendant's car for nearly two miles and saw the car swerving "repeatedly" within its lane, touching the lane lines "several" times. The fact that the officer also observed that the car was being driven very carefully, at 10 to 15 miles under the speed limit, made the swerving even more suspicious. Defendant's failure to signal 100 feet before a turn, in violation of California Vehicle Code § 22108, further supported the officer's suspicion as well as providing an independent basis to suspect a violation of the traffic laws.

Defendant's reliance on *United States v. Colin*, 314 F.3d 439 (9th Cir.2002), is misplaced. There, a suspicion of driving under the influence was unreasonable where, in only 35 to 45 seconds, the car properly signaled and changed lanes twice, and it touched the outer lines of its lane only two times. *Id.* at 445–46. Here, by contrast, the weaving was persistent, was observed for a substantial distance, and was accompanied by other factors such as a failure to signal properly.

CONVICTION AFFIRMED.

---

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendant also appeals his sentence. By separate order we defer consideration of the sentencing issues.