**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rolando Silva ROMERO, Defendant—
Appellant.**

No. 04–50590.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 2005.

Decided Sept. 23, 2005.

USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Colleen Crommett, Esq., Robert Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Davina Chen, FPDCA–Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, KOZINSKI and RAWLINSON, Circuit Judges.

MEMORANDUM *

When the officer drove into the motel parking lot, defendant voluntarily exited the car he had been sitting in and approached the officer. By the time the officer asked defendant to sit on the curb, he had a reasonable suspicion that defendant was engaged in illegal activity. *See United States v. Colin*, 314 F.3d 439, 442 (9th Cir.2002). The officer based his suspicion on defendant's presence in a parking lot associated with drug activity, the flight of a fellow passenger, evasive answers about the ownership of the car and a plainly visible plastic bag containing pills on the center console of the car from which the officer had seen defendant exit. While it is not clear that the request to sit on the curb amounted to an investigatory stop, *see United States v. Crespo de Llano*, 838 F.2d 1006, 1016 (9th Cir.1988), to the extent it was, it was supported by reasonable suspicion.

Defendant has no standing to contest the search of the car. He abandoned any interest he had in the car by denying ownership. *See United States v. Cella*, 568 F.2d 1266, 1283 (9th Cir.1977).

Therefore, defendant's suppression motion was properly denied.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.