UNITED STATES of America,
Plaintiff—Appellee,

v.

Rogelio HERNANDEZ, a/k/a Regelio Crow, Roger Hernandez and Roy Hernandez, Defendant—Appellant.

No. 04–50513.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 2005.

Decided Sept. 26, 2005.

---

Richard J. Cutler, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Davina Chen, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: CANBY, KOZINSKI and RAWLINSON, Circuit Judges.

## MEMORANDUM *

The district court found that it was ambiguous whether the officer asked or ordered defendant to return to his truck. Thus, the government did not carry its burden of proving that defendant returned to his truck voluntarily. *See Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ("[W]here the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given...."). Defendant was therefore seized when he went back to his truck.

In *United States v. Williams,* 419 F.3d 1029, —— (9th Cir.2005), we held that "a passenger's compliance with an officer's command to get back into the car in which the passenger had just exited is not an unreasonable seizure under the Fourth Amendment." *Id.* at 1031. *Williams,* however, concerned a passenger in a car

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the officer "had already ... lawfully stopped with him inside." *Id.* at 1033. *Williams* adopted the rationale of other circuits which have held that "officers may detain passengers during a traffic stop." *Id.* at 1032. The passenger there had thus already been lawfully detained and the order to return to the car implicated "the public interest in officer safety." *Id.* at 1032. *Williams* stands for the unremarkable proposition that an individual who has been lawfully detained may be subjected to a degree of inconvenience in order to avoid risk of harm to the officer. *Id.* at 1033 (citing *Terry v. Ohio*, 392 U.S. 1, 17, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

▪ Here, by contrast, the officer had an insufficient basis for a *Terry* stop. At that moment, the officer knew only that defendant was parked late at night at a gas station in a high crime area, and that he exited his truck nervously when the officer shined a spotlight in his car. Considered together, these specific, articulable facts did not provide the basis for reasonable suspicion that defendant was involved in criminal activity. *See United States v. Colin*, 314 F.3d 439, 442 (9th Cir.2002). Thus, the seizure was illegal, and any evidence obtained as a result of the seizure must be suppressed. *Id.* at 446–47.

REVERSED.

RAWLINSON, Circuit Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the officer "had an insufficient basis for a *Terry* stop."

It is undisputed that when the officer approached, Rogelio Hernandez exited his vehicle, exhibited nervousness, and walked toward the officer while asking, "What is going on?" At that point, the officer either asked or directed Hernandez to return to his vehicle. Because the record is unclear on this point, the majority opinion cites *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) to support its conclusion that Hernandez was seized when he returned to his vehicle. However, as the majority opinion acknowledges parenthetically, the issue in *Royer* was whether consent to a search was voluntary. *Id.* at 496–97, 103 S.Ct. 1319. Significantly, in *Royer* the seizure occurred before consent to search was requested. *See id.* at 494, 103 S.Ct. 1319. However, this case is more akin to cases where pedestrians were directed to a particular location to ensure officer safety. *See United States v. Summer*, 268 F.3d 683, 687 (9th Cir.2001) (analogizing an individual in a parked car to a pedestrian). In such a circumstance, direction given in the interest of maximizing officer safety does not implicate the Fourth Amendment. *See e.g., United States v. Crespo do Llano*, 838 F.2d 1006, 1016 (9th Cir.1988), *as amended*, (concluding that no seizure occurred when homeowner was asked to remain outside her home while officers obtained a warrant).

In any event, any requirement of reasonable suspicion was met in this case. Hernandez was parked late at night, at the portion of a convenience store that was closed, in an area notorious for drug activity. These facts, when combined with Hernandez's hasty and nervous exit from the vehicle supported a reasonable suspicion that criminal activity was afoot. *See Haynie v. County of Los Angeles*, 339 F.3d 1071, 1075–76 (9th Cir.2003); *see also United States v. Diaz–Juarez*, 299 F.3d 1138, 1142 (acknowledging the late hour and high-crime location as pertinent factors in determining whether reasonable suspicion exists). We should be extremely hesitant to second-guess safety determinations made by officers in the field. As we recently acknowledged in *United States v.*

*Williams,* 419 F.3d 1029, —— (9th Cir. 2005):

> In the final calculus, we think it best left to the discretion of the officers in the field who confront myriad circumstances we can only begin to imagine from the relative safety of our chambers.
>
> Because I do not think it appropriate to second-guess the officer's field determination regarding safety concerns, I would affirm the district court's denial of Hernandez's motion to suppress.