**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Gerald Douglas BROWN,
Defendant–Appellee.**

No. 08–10256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2009.

Filed April 22, 2009.

ed by 9th Cir. R. 36–3.

Sean C. Flynn, Esquire, United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellant.

Alexandra Paradis Negin, Esquire, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellee.

Before: T.G. NELSON, KLEINFELD and M. SMITH, Circuit Judges.

MEMORANDUM *

The United States appeals the order of the district court granting a motion to suppress filed by Appellee Gerald Douglas Brown. We review the district court's determination of reasonable suspicion de novo. *United States v. Colin,* 314 F.3d 439, 442 (9th Cir.2002). We have jurisdiction pursuant to 18 U.S.C. § 3731, and we reverse.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In light of his training, experience, and the undisputed information before him on August 10, 2007[1], Deputy Feldman reasonably concluded that Brown's registration could be expired and the up-to-date registration stickers on the back of Brown's vehicle could be fraudulent. *See United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (holding that officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person'" (quoting *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981))). Accordingly, the district court erred in concluding that reasonable suspicion for the stop did not exist. *See United States v. Miguel,* 368 F.3d 1150, 1153 (9th Cir.2004) ("Reasonable suspicion is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." (internal quotation marks omitted)); *see also Arvizu,* 534 U.S. at 274, 122 S.Ct. 744 ("Although an officer's reliance on a mere 'hunch' is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." (citations omitted)). The fact that the information available to Deputy Feldman was consistent with both a valid and an invalid registration does not preclude the existence of reasonable suspicion in this case, as "[a] determination that reasonable suspicion exists ... need not rule out the possibility of innocent conduct."

*Arvizu,* 534 U.S. at 277, 122 S.Ct. 744. Neither does the fact that Brown's car turned out to be properly registered preclude reasonable suspicion in this case, since Deputy Feldman was entitled to rely on the ambiguous information in the MDT report, even though that information proved incorrect. *See Miguel,* 368 F.3d at 1154. Finally, the fact that Deputy Feldman did not contact the DMV even though advised to do so by the MDT report does not render his suspicion of criminal activity unreasonable under the totality of the circumstances in this case; any reasonable officer would have come to the conclusion that there was a reasonable suspicion of criminal activity afoot under the facts of this case. *See Gonzalez–Rivera v. INS,* 22 F.3d 1441, 1445 (9th Cir.1994) (noting that a objective reasonable person standard applies in determining reasonable suspicion).

**REVERSED and REMANDED.**

---

1. The undisputed information possessed by Deputy Feldman included the valid registration stickers on the back of Brown's vehicle, as well as a mobile data terminal (MDT) re-

port that stated in pertinent part: "REG VALID FROM: 02/08/06 to 02/08/07 ... REC STATUS: 08/08/07 APP IN PROCESS, CONTACT DMV SACRAMENTO."