NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50228 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00119-VAP-1 |
| v. | |
| RICARDO RENTERIA, AKA Flaco, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: KELLY,** GOULD, and R. NELSON, Circuit Judges.

Ricardo Renteria ("Renteria") appeals his convictions for possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)(viii); felon in possession of a firearm and ammunition, in violation of 18

U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

First, Renteria asserts that the district court erred in denying his motions to suppress the fruits of the search of his car. He argues: (1) that the initial traffic stop was an unconstitutional search, and (2) that he did not give the officers voluntary consent to search his car. We review a denial of a motion to suppress *de novo*. *United States v. Tan Duc Nguyen*, 673 F.3d 1259, 1263 (9th Cir. 2012). We review the district court's determination of reasonable suspicion *de novo*. *United States v. Colin*, 314 F.3d 439, 442 (9th Cir. 2002). A district court's factual finding that a person voluntarily consented to a search is reviewed for clear error. *See United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004).

The district court correctly denied Renteria's motions to suppress with respect to the traffic stop because the stop was supported by reasonable suspicion. Reasonable suspicion is substantially less than probable cause and "falls considerably short of satisfying a preponderance of the evidence standard," but does require more than a mere hunch. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). And under California Vehicle Code § 22107, any car turning right or left must "giv[e] an appropriate signal . . . in the event any other vehicle may be affected by the movement." Cal. Veh. Code § 22107. Because Renteria did not signal before

2

turning into an alleyway, the officers had reasonable suspicion that Renteria

violated § 22107. *See People v. Logsdon*, 79 Cal. Rptr. 3d 379, 382 (Ct. App.

2008) ("Actual impact is not required by the statute; potential effect triggers the

signal requirement.").

In addition, the district court did not commit clear error in finding that

Renteria voluntarily consented to the search of his car. A search conducted

pursuant to valid consent is constitutionally permissible. *See Schneckloth v.

Bustamonte*, 412 U.S. 218, 222 (1973). Here, although Renteria was handcuffed,

and the officers had not yet read him his *Miranda* rights, the officers kept their

guns holstered. *See United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988)

(listing factors to consider in determining whether a defendant voluntarily

consented to a search). Moreover, the district court found that throughout the

encounter, Renteria "appeared to be relaxed" and was engaging the officers "in

casual conversation."

Second, Renteria argues that the district court erred in denying his motion to

dismiss based on the Government's failure to preserve his car. "Whether a

defendant's due process rights were violated by the government's failure to

preserve potentially exculpatory evidence is reviewed de novo." *United States v.

Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (quoting *United States v. Del Toro-

Barboza*, 673 F.3d 1136, 1149 (9th Cir. 2012) (quotation marks and internal

3

citation omitted)).

Renteria's argument fails because he could not show that the Government acted in bad faith. *See id.* Although the Government may have been negligent in allowing Renteria's car to be repossessed, Renteria did not meet his burden to demonstrate that the Government *knew* of the car's potential usefulness at the time when it allowed the car to be repossessed. And given the deference we accord to the district court's finding that the Government did not act in bad faith, we reject Renteria's due process claim. *See id.* ("We review factual findings, such as the absence of bad faith, for clear error.") (quoting *Del Toro-Barboza*, 673 F.3d at 1149 (quotation marks and internal citation omitted)).

Finally, Renteria contends that the district court erred in denying his motion for judgment of acquittal.[1] He argues that the evidence presented at trial was insufficient to support a conviction under 18 U.S.C. § 924(c)(1)(A). We apply a two-step test for preserved sufficiency-of-the-evidence challenges. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (*en banc*). First, we consider the evidence "presented at trial in the light most favorable to the prosecution." *Id.* at

---

[1] We reject Renteria's argument that the district court erred in relying on the elements applicable to the "possession" prong of 18 U.S.C. § 924(c)(1)(A), even though the Government also charged him under the "carry" prong of that provision. It is well established that "[t]he government may charge in the conjunctive and prove in the disjunctive." *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 472 (2018).

4

1164. Second, we consider whether, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. at 1163–64 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

Here, the district court did not err in denying Renteria's motion for judgment of acquittal. To convict under 18 U.S.C. § 924(c)(1)(A), the Government had to demonstrate a "nexus" between the gun and the underlying drug offense. *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007). We have previously held that "a sufficient nexus exists if the firearm was 'readily accessible' during the commission of the drug crime." *Id*. Officer Jenkins, who conducted the dog search of Renteria's car, found it "fairly easy" to pry open the panel to the compartment where the gun was hidden, despite suffering from a permanent tremor in his hand. He did not need to use any special tools, and it only took him "a couple of seconds" to remove the panel once he got his fingernails under it. Viewing the evidence in the light most favorable to the prosecution, we conclude that the district court did not commit reversible error in denying Renteria's motion for judgment of acquittal.

**AFFIRMED.**