**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Brian David HILL, Defendant–Appellant.**

No. 94–30264.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1995.

Decided May 24, 1995.

---

**480**

Mark Bennett Weintraub, Asst. Federal Public Defender, Eugene, OR, for defendant-appellant.

Michael J. Brown, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges.

---

\* The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

PER CURIAM:

Defendant, Brian Hill, entered a conditional guilty plea to various weapons offenses. He appeals on the grounds that the district court erred by denying a motion to suppress evidence seized at his home. We reverse and remand for further proceedings.

### I. *Probable Cause*

Hill first contends the warrant authorizing the search of his home was not supported by probable cause. The affidavit in support of the warrant recited that three neighbors had reported being awakened by gunfire in the backyard of Hill's residence in the City of Portland shortly after two in the morning. One of the neighbors stated that he had looked out his upstairs window after hearing the shots and seen Hill in his backyard holding a firearm that looked "small, like a hand gun," that he had called out to the defendant by name, and that Hill had then turned away, covered the firearm with his arm, walked to the front door of his residence, and went inside. The affidavit also indicated that during the previous month the officer had confiscated "in excess of 20 firearms" from Hill's home. Finally, the affidavit noted that Oregon statutes authorized seizure of "fruits of the crime" and "property that has been used or is possessed for the purpose of being used to commit an offense," and concluded that these statutes "specifically authorize[d] the seizure" of firearms, ammunition, and spent ammunition casings from Hill's home.

Read "in a non-technical, common sense, and realistic manner," *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir.1989), the affidavit provided "a substantial basis" for concluding there was a "fair probability that contraband or evidence of a crime [would] be found in" defendant's home. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Possession and use of firearms is subject to extensive civil and criminal regulation by both the State of Oregon and the City of Portland. In particular, discharging a firearm within the city limits of Portland is a violation of City Code

Section 14.320.010(d). Although neither the affidavit nor the search warrant identified the specific offense to which the objects listed in the warrant were believed to be related, courts have demanded specification of the particular offense only when required by statute or when necessary to identify the objects to be seized with sufficient particularity. *See, e.g., United States v. Spilotro,* 800 F.2d 959, 964–65 (9th Cir.1986); *United States v. Licavoli,* 604 F.2d 613, 620 (9th Cir.1979). These conditions are obviously not present here—no statute required that the offense be identified, and the items to be seized were specifically listed in the warrant as a "firearm described as 'small, like a handgun,' [a]mmunition, hand gun magazines, [and] spent or fired ammunition casings." Accordingly, the failure to specify an offense did not render the warrant invalid. *See United States v. Koyomejian,* 970 F.2d 536, 548 (9th Cir.1992) (Kozinski, J., concurring). ("I am aware of no constitutional requirement that an applicant for a warrant specify, and the judge determine, the precise statute violated. All authority is to the contrary.").[1]

II. *Independence of Warranted Search*

 Hill also argues the warrant was tainted by a prior search—which the district court assumed was illegal—during which officers saw a sawed-off shotgun in the bedroom of his home. To be untainted by this prior search, the officers' decision to seek the warrant must not have been "prompted by what they had seen during [the earlier unlawful search]." *Murray v. United States,* 487 U.S. 533, 542, 108 S.Ct. 2529, 2536, 101 L.Ed.2d 472 (1988). In particular, the district court must "explicitly find that the agents would have sought a warrant if they had not earlier entered [defendant's house]." *Id.* at 543, 108 S.Ct. at 2536; *see also Holzman,* 871 F.2d at 1514. Because the district court did not make such a finding, the case is RE-VERSED AND REMANDED for further proceedings.

1. In the analogous context of establishing probable cause to arrest, there is ample authority that the crime committed need not be specified. *See,* *e.g., United States v. Prandy–Binett,* 995 F.2d 1069, 1073 (D.C.Cir.1993).