UNITED STATES of America, Plaintiff,

v.

Brian David HILL, Defendant.

CR No. 93–249–FR.

United States District Court,
D. Oregon.

Nov. 27, 1995.

Kristine Olson, United States Attorney, Michael J. Brown, Assistant United States Attorney, Portland, Oregon, for Plaintiff.

Mark Bennett Weintraub, Assistant Federal Public Defender, Eugene, Oregon, for Defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the remand of this case for further proceedings by order of the United States Court of Appeals for the Ninth Circuit.

## FACTS

At approximately 2:00 a.m. on August 29, 1992, the Portland Police were called by a neighbor of the defendant, Brian David Hill. The neighbor told the police that he had heard the sound of gunshots coming from behind Hill's residence, and that he had observed Hill walk from the backyard of his house into the house, carrying what the neighbor believed was a handgun. Arriving at Hill's home within minutes of the neighbor's call, the police officers observed Hill through a window, apparently speaking to another person who was out of the view of the police officers. The police officers then knocked on the front door. When Hill answered their knock, the police officers advised him that he was under arrest, and then called into the house, requesting anyone still in the house to come outside. There was no response. The police officers then made a "protective sweep" of the house out of concern for their own safety. The police officers found Hill's four-year-old son in a bedroom, along with a "sawed-off" shotgun.

Officer Horton prepared an application for a warrant which would permit the police officers to search Hill's home for the handgun that Hill had reportedly discharged in his backyard. In the affidavit in support of the search warrant, Officer Horton made no reference to any evidence obtained as a result of either the arrest of Hill or the "protective sweep" of the house which had followed Hill's arrest.

Upon reviewing Officer Horton's affidavit, a judge issued a warrant authorizing the search of Hill's residence for the firearm described in the affidavit in support of the search warrant as "small, like a handgun," as well as ammunition, handgun magazines, and spent or fired ammunition casings. In the search of Hill's residence, police officers seized the short-barrelled shotgun.

On August 17, 1993, Hill was charged in a two-count indictment with the crimes of unlawfully possessing a short-barrelled shotgun on July 9, 1992 and on August 29, 1992. Hill entered pleas of not guilty to both charges. Hill then filed a motion to suppress the evidence that had been seized from his residence, arguing that the search of his house on August 29, 1992 was illegal because the warrant to search was not properly obtained. In ruling on Hill's motion to suppress evidence, the court did not reach the question of whether the arrest and subsequent "protective sweep" on August 29, 1992 were lawful because the court found that the shotgun had been seized pursuant to a search warrant which was not based on information obtained on August 29, 1992 at the time of Hill's arrest or the "protective sweep" of Hill's residence.

On May 9, 1994, Hill entered a conditional plea of guilty to the charge in Count 2 of the indictment, reserving his right to appeal this court's denial of his motion to suppress the evidence seized from his residence on August 29, 1992.

On July 18, 1994, Hill was sentenced to a term of imprisonment of 18 months. Count 1 of the indictment, relating to the shotgun found on July 9, 1992, was dismissed without prejudice. The court granted Hill's motion for release pending the resolution of the appeal.

In an opinion filed on May 24, 1995, the United States Court of Appeals for the Ninth Circuit reversed the judgment of this court and remanded for further proceedings. The United States Court of Appeals for the Ninth Circuit ruled that, while the warrant authorizing the search of Hill's home was supported by probable cause, this court must determine whether "the agents would have sought a [search] warrant if they had not earlier entered [defendant's house]." *United States v. Hill,* 55 F.3d 479, 481 (9th Cir.1995) (quoting *Murray v. United States,* 487 U.S. 533, 543, 108 S.Ct. 2529, 2536, 101 L.Ed.2d 472 (1988)).

The parties have briefed the issue, agreeing that no further hearing is necessary.

## CONTENTIONS OF THE PARTIES

The government contends that the testimony of Officer Horton in support of the search warrant is sufficient to support a finding by this court that the police officers would have sought a warrant to search Hill's residence as part of their investigation into the crime of the unlawful discharge of a firearm, whether or not entry had been made into Hill's home prior to obtaining the search warrant. Hill contends that there is no evidence in the record to support such a finding.

## ANALYSIS AND RULING

In *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), the United States Supreme Court held that "[t]he ultimate question [regarding the independent source doctrine] is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence...." 487 U.S. at 542, 108 S.Ct. at 2535. The issue in *Murray* was whether or not the marijuana observed during an illegal search was admissible as evidence after it had been seized in a subsequent search made pursuant to a lawfully issued search warrant. The Court found that:

> Knowledge that the marijuana was in the warehouse was assuredly acquired at the time of the unlawful entry. But it was also acquired at the time of entry pursuant to the warrant, and if that later acquisition was not the result of the earlier entry there is no reason why the independent source doctrine should not apply.

*Id.* at 541, 108 S.Ct. at 2535.

The police officers responded to the scene in order to investigate the report by the neighbor that he heard the sound of gunshots and observed Hill walk from the backyard into the house carrying what the neighbor believed was a handgun. Hill was arrested prior to the police officers discovering the sawed-off shotgun in the "protective sweep." Officer Horton prepared the application for the search warrant to search the house for a handgun because the handgun and items relating to the handgun were evidence of the crime of discharging a firearm within the City of Portland. The warrant to search was

applied for and issued on facts which support a finding that Hill had illegally fired a handgun in his backyard. Officer Horton testified that neither the Deputy District Attorney who reviewed the affidavit prior to its submission to the judge, nor the judge herself, appeared to be confused as to what crime that the evidence sought was related.

The court finds that even if the police officers had not found the "sawed-off" shotgun during the "protective sweep" of Hill's residence, they would have sought a warrant authorizing them to search the house for the handgun that Hill had reportedly fired in order to continue the investigation initiated by the neighbor's complaint.

## CONCLUSION

On remand from the United States Court of Appeals for the Ninth Circuit, the motion of Hill to suppress the evidence seized from the search of his residence on August 29, 1992 is DENIED.

## ORDER

On remand from the United States Court of Appeals for the Ninth Circuit,

IT IS HEREBY ORDERED that the defendant's motion to suppress the evidence seized from the search of his residence on August 29, 1992 is DENIED.