101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian David HILL, Defendant-Appellant.
 No. 96-30019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 13, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On Brian Hill's first appeal following his conviction on a conditional guilty plea to various weapons offenses from the district court's denial of his motion to suppress evidence seized at his home, we determined in a published opinion, United States v. Hill, 55 F.3d 479 (9th Cir.1995), that there was probable cause to support the warrant authorizing the search of his residence but remanded for the district court to make a finding on whether the agents would have sought a warrant if they had not earlier entered Hill's house. On remand, the district court found that even if the officers had not found the sawed-off shotgun during the protective sweep of Hill's residence, they would have sought a warrant authorizing them to search Hill's residence for the handgun that he had reportedly fired in order to continue the investigation initiated by a neighbor's complaint. Hill has timely appealed, and we affirm.
 
 
 3
 Hill argues that the warrantless non-felony arrest in his home violated the Fourth Amendment, and that the police did not have a reasonable belief that a search of the house was necessary for their safety. However, these arguments are not germane given the limited nature of our remand, and we do not consider them. Rather, we assume that the first search was improper and focus only on the question whether the district court's finding that the police officers would have sought the warrant in any event is clearly erroneous. See Hill, 55 F.3d at 480-81.
 
 
 4
 On that point Hill contends that the government did not prove that the police would have sought a warrant or discovered the evidence if they had not earlier engaged in the first, unlawful search, because no mention was made of any violation of law in the warrant or affidavit. However, we have already said that that doesn't matter. Id. at 481. In any event, as the district court found, Horton prepared the application for the search warrant to search the house for a handgun because it was evidence of the crime of discharging a firearm within the City of Portland.
 
 
 5
 Hill also suggests that it is implausible that police officers would intend to seek a search warrant without any allegations of injury, threatening behavior, or continued gunfire. He notes the absence of any testimony that officers had formed such an intent. However, given what brought the police to Hill's house, see Hill, 55 F.3d at 480, and the fact that one officer had confiscated more than twenty firearms at Hill's home in the previous month, id., we cannot say that the district court clearly erred in finding that the officers would have sought the search warrant independently of the search and seizure incident to arrest.
 
 
 6
 Finally, Hill argues that the Government would have had a harder time proving constructive possession at trial if the shotgun had been found during a warrant search rather than the sweep. But the only issue before us is whether the shotgun was admissible. Hill's argument that the inevitable discovery doctrine requires the Government to prove the "reliability" of the discovered evidence invokes concerns specific to the Sixth Amendment, not the Fourth. Nix v. Williams, 467 U.S. 431, 446 (1984).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3