124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Warren HALE, Defendant-Appellant.
 No. 96-10358.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1997.
Decided Sept. 23, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Lloyd D. George, District Judge, Presiding; No. CR-95-00110-LDG (RLH).
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Randy Warren Hale appeals his conviction on two grounds. First, he argues that the district court erred in denying his motion to suppress the evidence obtained during both the "protective sweep" and the subsequent search of his home pursuant to a search warrant. Second, he argues that the district court erred in denying his motion to exclude the testimony of Special Agent Wilson. We reverse and remand solely with respect to Hale's conviction on Count IX of the second superceding indictment (the Norinco gun count), and affirm with respect to Hale's other claims.
 
 I. Suppression of Evidence
 
 3
 The government argues that its warrantless entry into Hale's home (the so-called "protective sweep") was justified by "exigent circumstances." "[T]he police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches." Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984). They did not and cannot begin to satisfy that burden here. At the time that Detective Ray and Agent Pinto arranged for and conducted the warrantless entry into Hale's home, Hale was in custody and locked inside Ray's car. The government offered no explanation as to why Ray parked the car a block away from the house, or why neither Ray nor Pinto nor any other officer on the scene made any attempt to have Pinto identify Hale prior to the warrantless entry. The police clearly were not in "hot pursuit" of Hale while he was locked in Ray's car, and the government has made no showing that the officers waiting outside the house were in any danger at that time. As for the government's claim that the warrantless entry was justified by a concern that evidence was being destroyed, the government did not demonstrate specific and articulable facts to justify a finding that there were occupants in the house or that they might try to destroy evidence. See. e.g., United States v. Driver, 776 F.2d 807, 810 (9th Cir.1985). Moreover, the government offered no credible explanation as to why the police could not have complied with the "knock and announce" rule. Finally, a "protective sweep" must be quick, limited, and narrowly confined to a cursory visual inspection of places where a person might be hiding. See, e.g., United States v. Noushfar, 78 F.3d 1442, 1447-48 (9th Cir.1996). The inside of Hale's toilet--where drugs were found--is not such a place. For all of those reasons, we conclude that the officers' conduct constituted a flagrant Fourth Amendment violation, and the use of information they obtained in Pinto's affidavit in support of the warrant was improper.
 
 
 4
 Because the warrantless entry and "protective sweep" were improper and because the fruits were used to obtain the warrant, the evidence obtained from the subsequent search must be excluded unless (1) the government successfully demonstrates an independent basis for establishing probable cause, and (2) the district court specifically finds that the officers would have sought the warrant even if they had not conducted the prior warrantless entry. See Murray v. United States, 487 U.S. 533, 542-43 (1988); United States v. Hill, 55 F.3d 479, 481 (9th Cir.1995). Under Murray and Hill, this court is not free to determine in the first instance whether the police would have sought the warrant had they not conducted the warrantless entry. Instead, we are required to reverse and remand for that purpose. However, Count IX was the only count on which Hale was convicted that depended upon the evidence obtained during the search. Accordingly, the district court's error in failing to engage in the proper inquiry was harmless except as to that count.
 
 
 5
 We remand solely with respect to Count IX so that, if the government wishes to attempt to sustain the conviction on that count, notwithstanding the officers' flagrant constitutional violation, the district court may conduct the required fact-finding under Murray and Hill.
 
 II. Agent Wilson's Testimony
 
 6
 Hale argues that the admission of Wilson's testimony was erroneous under Daubert v. Merrell Dow Pharmaceuticals. Inc., 509 U.S. 579,113 S.Ct. 2786 (1993). In United States v. Cordoba, 104 F.3d 225, 230 (9th Cir.1997), we held Daubert inapplicable to cases like this one. Testimony by a government expert like Wilson regarding the modus operandi of narcotics traffickers depends on "specialized knowledge," but not on "scientific knowledge," which is the subject of Daubert. 104 F.3d at 230. Similarly, in the case of Wilson's testimony regarding the likelihood that Agent Pinto could have hit Hale's tire if he had been standing where Hale claimed, the knowledge on which Wilson relied was similarly "specialized" but not "scientific." In any event, as Count Six is the only count to which Wilson's "ballistics" testimony was relevant and Hale was not convicted on that count, any error the district court made in admitting that testimony was harmless.
 
 
 7
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3