NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50174 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00544-CAS-1 |
| v. | |
| JASON AZZARA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: SCHROEDER, SILER, [**] and IKUTA, Circuit Judges.

Jason Azzara appeals his conviction and sentence after a conditional guilty

plea to one count of possessing child pornography.  He challenges the district

court's denial of his motions to suppress (1) statements he made to ICE agents

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Eugene E. Siler, Jr., Senior United States Circuit
Judge for the Sixth Circuit, sitting by designation.

during an in-home interview, and (2) evidence of child pornography found on his computer during the execution of a search warrant after a previous warrantless search of his computer indicated the potential presence of the child pornography. He also contends the district court abused its discretion by imposing special conditions of supervised release.

We find no error in the denial of the motion to suppress the statements, and no error in the imposition of the special conditions. With respect to the evidence found on the computer itself, we agree with the district court that the seizure of the computer was not consensual. The district court found there was probable cause, independent of the contents of the computer as revealed by the warrantless search, to support admission of the evidence found on the computer. The court made no further finding with respect to whether the agents would have obtained a warrant without the original illegal search. We remand for further findings on that issue.

Agents arrived at Azzara's apartment on October 18, 2006, with information from an investigation of a pornographic website, including bank records of its customers, that Azzara had purchased a subscription to the site. Following the administration of the *Miranda* warnings, Azzara told the agents that they would probably find child pornography on his computer. Azzara claims he was in custody and therefore the agents were required to administer *Miranda* warnings at

2

the beginning of the interview. *See Stansbury v. California*, 511 U.S. 318, 322 (1994).

The district court found that he was never in custody, and the agents did administer *Miranda* warnings midway through the interview. Azzara voluntarily invited the agents in and agreed to answer their questions, and the agents did not use physical force or restrain him in any way. At no time was Azzara isolated within his apartment. The agents repeatedly told him he did not have to speak with them and he was free to leave; they also told him that he could terminate the interview at any time. Under the applicable factors outlined in our recent decision in *United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008), the district court's finding of noncustodial questioning was fully supported. Accordingly, Azzara's speculation about the need for a lawyer was not even arguably an invocation of his right to counsel during custodial interrogation. *See Davis v. United States*, 512 U.S. 452, 458-59 (1994). Nor could there have been a deliberate two-step interrogation in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004). *See United States v. Williams*, 435 F.3d 1148, 1157-58 (9th Cir. 2006). The district court did not err in denying the motion to suppress his statements.

After the administration of the *Miranda* warnings, Azzara signed a form consenting to a search of the premises and removal of items from the premises. As

the questioning continued, however, he became agitated and talked about suicide. To calm him, the agents said they would not take his computer. The SMART team eventually arrived after being summoned by the ICE agents and Azzara was taken for mental evaluation. At that point, the agents seized the computer and took it to the forensic lab. Prior to obtaining a warrant, an agent examined the computer and confirmed that it had files containing child pornography. The agents later obtained a warrant to search the computer before these criminal proceedings were instituted.

Although the agents may have been proceeding under the assumption that the seizure of the computer was consensual, the district court correctly found that because Azzara indicated that he did not want the computer taken and the agents falsely told Azzara they would not take it, the seizure was not consensual. Thus, the results of the lab "sneak peak" at the contents of the computer could not establish probable cause for the warrant that was issued days later.

The district court nevertheless denied the motion to suppress because it concluded that there were grounds wholly independent of the contents of the computer that established probable cause to issue the warrant. Indeed, the warrant was issued without any mention in the supporting affidavit of the results of the "sneak peak." The controlling standard for the independent source doctrine, however, is established by *Murray v. United States*, 487 U.S. 533, 542-43 (1988),

4

which holds that the district court must explicitly find both that the information obtained during the illegal search was not presented to the magistrate, and that the agents would have sought a warrant even if they had not performed the illegal search. The district court did not expressly make the second finding. Therefore, we reverse the district court's denial of the motion to suppress evidence obtained from the computer, and remand for the district court to consider whether "the agents' decision to seek the warrant was prompted by what they had seen during the [illegal search]." *Id*. at 542; *see also United States v. Duran-Orozco*, 192 F.3d 1277, 1281 (9th Cir. 1999) (as amended); *United States v. Hill*, 55 F.3d 479, 481 (9th Cir. 1995) (per curiam).

We finally deal with the sentencing issues, which are relevant to the appeal in the event that the district court resolves the suppression issue in favor of the government. A district court may impose discretionary conditions of supervised release "only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)) (internal quotation marks omitted). Here, the conditions restricted Azzara's ability to live near or be in the presence or proximity of minors. The district court imposed the conditions after careful review of the materials in the

5

probation office's report and the nature of the child pornography at issue in the case. *See United States v. Stoterau*, 524 F.3d 988, 1008-10 (9th Cir. 2008). There was no abuse of discretion.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.