**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

OMAR ORTIZ-FLORES,

      Defendant - Appellant.

No. 11-50095

D.C. No. 3:10-cr-02692-JM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District
Judge.[**]

      Defendant-Appellant Omar Ortiz-Flores ("Ortiz-Flores") appeals the district

court's denial of his motion to suppress evidence in connection with his conviction

for possession of heroin with intent to distribute in violation of 21 U.S.C. §

---

      [*]    This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

      [**]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern
District of Illinois, sitting by designation.

841(a)(1). We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

The facts are known to the parties and we do not recite them here.

A stop at a permanent immigration checkpoint, like the San Clemente checkpoint, is constitutional as long as the detention is limited to a few brief questions about immigration and the production of immigration documents. *United States v. Preciado-Robles*, 964 F.2d 882, 884 (9th Cir. 1992) (citing *United States v. Martinez-Fuerte*, 428 U.S. 543, 558 (1976)). Whether or not the Border Patrol agent in this case impermissibly extended the immigration stop, the search of Ortiz-Flores's backpack and the search of his person must be justified by consent or probable cause. *Martinez-Fuerte*, 428 U.S. at 566-67.

When the prosecution "seeks to rely upon consent to justify the lawfulness of a search, [the prosecution] has the burden of proving that consent was, in fact, freely and voluntarily given." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973) (internal citations and quotation marks omitted). Whether consent was voluntary is determined by the totality of the circumstances. *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988). This Court looks to five factors, none of which is dispositive, to guide its voluntariness inquiry: (1) whether Ortiz-Flores was in custody; (2) whether the officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether Ortiz-Flores was notified that he had a

2

right not to consent; and (5) whether Ortiz-Flores had been told a search warrant could be obtained. *United States v. Brown*, 563 F.3d 410, 415 (9th Cir. 2009).

In concluding that Ortiz-Flores voluntarily consented to the searches of his backpack and person, the district court failed to apply the correct legal standard for determining whether consent was free and voluntary. Although we only reverse a finding of voluntariness if clearly erroneous, *Castillo*, 866 F.2d at 1082, such deference is not warranted where, as here, the district court applied the wrong legal standard. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

Here, three factors indicate that the consent was involuntary: (1) Ortiz-Flores was seized at the time he gave putative consent, *see Preciado-Robles*, 964 F.2d at 884 ("A stop at a permanent immigration checkpoint constitutes a 'seizure' within the meaning of the Fourth Amendment." (citing *United States v. Martinez-Fuerte*, 428 U.S. 543, 556 (1976))); (2) the agent did not give Ortiz-Flores *Miranda* warnings; and (3) the agent did not tell Ortiz-Flores he could refuse consent. Two factors weigh in favor of voluntariness: (1) guns were not drawn; and (2) the agent did not tell Ortiz-Flores that he could obtain a search warrant. Considering these facts in light of the totality of the circumstances and the context in which the searches took place, we find that Ortiz-Flores did not voluntarily

3

consent to the backpack search or the pat-down search.

Additionally, the backpack and pat-down searches cannot be justified by the extended border search doctrine because the government has not shown with reasonable certainty that Ortiz-Flores carried the drugs into the United States. *United States v. Villasenor*, 608 F.3d 467, 471-72 (9th Cir. 2010) (reasonableness of extended border search depends on, *inter alia*, whether the totality of the circumstances convinces the fact finder with "reasonable certainty" that any contraband on the vehicle at the time of the search was aboard that vehicle at the time of entry into the United States).

Furthermore, the agent did not have probable cause to search Ortiz-Flores's backpack. *See Graves v. City of Coeur D'Alene*, 339 F.3d 828, 841-45 (9th Cir. 2003) (officer lacked probable cause to search backpack where suspect was protesting parade held by group known for violence; threats had been made suggesting that violence would take place during parade; protester had heavy backpack that appeared to contain objects shaped like pipe bombs; officer was aware of prior bombing caused by backpack bomb; and protester became increasingly loud during confrontation with officer), *abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt County*, 542 U.S. 177 (2004); *see also Florida v. Royer*, 460 U.S. 491, 501-06 (1983). Therefore, the

backpack search was unlawful.

Because the agent would not have had reasonable suspicion to conduct the pat-down search without the evidence obtained from the unlawful backpack search, the pat-down search was also unlawful. *See United States v. Hill*, 55 F.3d 479, 481 (9th Cir. 1995) (per curiam) (holding that search warrant is invalid if officers' decision to seek warrant was prompted by what they had seen during a prior, unlawful search (citing *Murray v. United States*, 487 U.S. 533, 542 (1988))).

**Accordingly, we REVERSE the district court's denial of Ortiz-Flores's motion to suppress, and remand the matter to the district court for further proceedings.**