# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1558

_____

United States of America,

*Plaintiff - Appellee,*

v.

Darren Kyle Stepp-Zafft,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 9, 2018
Filed: May 11, 2018
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Darren Kyle Stepp-Zafft was convicted at trial on three counts of possession of unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871. The district

court[1] sentenced him to a total of thirty-seven months' imprisonment. Stepp-Zafft appeals his convictions, arguing for the first time on appeal that the registration requirements are unconstitutional. We conclude that there is no plain error warranting relief, and we therefore affirm.

The prosecution arose from the execution of a search warrant at Stepp-Zafft's apartment in Sioux Falls, South Dakota. Law enforcement officers discovered numerous firearms, grenade bodies, fuses, black powder, empty carbon dioxide pellet gun cylinders, and what appeared to be two homemade silencers fashioned out of oil and fuel filters. A search of the National Firearms Registration and Transfer Record revealed that some of these items were not registered to Stepp-Zafft, as required by 26 U.S.C. § 5861(d). A grand jury charged Stepp-Zafft with three counts of possession of unregistered firearms—namely, five short-barreled rifles, nine destructive devices, and two silencers.

At trial, agents described the items seized from Stepp-Zafft's apartment. All five of the unregistered short-barreled rifles had been modified from their original design. Two had been modified with barrels shorter than sixteen inches. The other three were originally designed and sold as pistols, but they had been converted into short-barreled rifles with the addition of a shoulder stock. Stepp-Zafft testified that the firearms belonged to his mother and that she had modified them. He also claimed that the objects charged as unregistered silencers were merely homemade "solvent traps" used for cleaning guns. The jury found Stepp-Zafft guilty on all three counts.

On appeal, Stepp-Zafft contends that the registration requirement unconstitutionally infringes on a Second Amendment right to possess the short-

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, imposed sentence. The Honorable Lawrence L. Piersol presided over Stepp-Zafft's trial.

barreled rifles and homemade silencers found in his apartment. He also argues that Congress lacked authority to enact the registration statute. Stepp-Zafft did not raise these arguments in a pretrial motion to dismiss the indictment, *see* Fed. R. Crim. P. 12(b)(3)(B), or at any other time in the district court. We have said that a party must show "good cause" to raise an alleged defect in the indictment for the first time on appeal, *see United States v. Anderson*, 783 F.3d 727, 741 (8th Cir. 2015), but the government does not raise that point and concedes instead that we should review for plain error. Under that rubric, Stepp-Zafft must show an error that is "clear or obvious, rather than subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009), and must demonstrate that the error affected his substantial rights and seriously affected the fairness, integrity, or reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 734-36 (1993).

Stepp-Zafft first argues that 26 U.S.C. § 5861(d) unconstitutionally burdens a Second Amendment right to possess short-barreled rifles and silencers. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Court explained that the Second Amendment right to keep and bear arms extends to weapons that are in "common use" and "typically possessed by law-abiding citizens for lawful purposes" like self-defense. *Id.* at 624-25. Stepp-Zafft claims that short-barreled rifles are in common use for lawful purposes, but he cites no authority in support of that view. *Heller* said that there is no Second Amendment right to possess a short-barreled *shotgun*, 554 U.S. at 624; *see also United States v. Miller*, 307 U.S. 174, 178 (1939), and a plurality of the Court previously observed in a different context that a short-barreled rifle is a "concealable weapon" that is "likely to be used for criminal purposes." *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 517 (1992) (plurality opinion). Other courts have seen no constitutional distinction between short-barreled shotguns and rifles in the wake of *Heller*. *See, e.g.*, *United States v. Gilbert*, 286 F. App'x 383, 386 (9th Cir. 2008); *United States v. Cox*, 235 F. Supp. 3d 1221, 1227 (D. Kan. 2017); *United States v. Gonzales*, No. 2:10-cr-00967, 2011 WL 5288727, at *6 (D. Utah Nov. 2, 2011). The question is not presented for *de novo* review in this case, so we

need not agree or disagree with these decisions of other courts, but Stepp-Zafft's constitutional claim is at least subject to reasonable dispute. The district court did not make an obvious error by failing to dismiss the charge *sua sponte*.

Stepp-Zafft also contends that the Second Amendment guarantees a right to possess unregistered silencers. He cites no supporting authority, however, and some courts after *Heller* have rejected his position on the ground that silencers are not typically possessed by law-abiding citizens for lawful purposes. *See United States v. McCartney*, 357 F. App'x 73, 76 (9th Cir. 2009); *Cox*, 235 F. Supp. 3d at 1227; *United States v. Perkins*, No. 4:08CR3064, 2008 WL 4372821, at *4 (D. Neb. Sept. 23, 2008). Stepp-Zafft argues on appeal that silencers are used lawfully for target practice and for collection as exotic weapons. He reasons that the large number of registered silencers shows that most people use them for harmless activities. But because he did not raise this challenge in the district court, the parties did not present evidence on the purposes and common uses of silencers. Again, the constitutional question is not presented for *de novo* review here, but the claim is at least subject to reasonable dispute in light of existing authorities and the undeveloped record in this case. The district court did not commit a plain error by declining to dismiss the charge on its own motion.

Stepp-Zafft next asserts that Congress lacked authority to enact the registration statute under either the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, or the Taxing Clause, U.S. Const. art. I, § 8, cl. 1. We have held, however, that Congress properly enacted the statute under the taxing power. *United States v. Hall*, 171 F.3d 1133, 1142 (8th Cir. 1999). Stepp-Zafft complains that the registration statute serves no legitimate revenue-raising purpose, and is thus beyond the taxing power, because the statute does not permit a "mere possessor" to register a firearm and pay the requisite tax. But *Hall* rejected this precise argument, concluding that the statute is "in aid of a revenue purpose," *id.* (quoting *Sonzinsky v. United States*, 300 U.S. 506, 513 (1937)), because it helps the government to identify the maker liable for the tax, and

-4-

encourages makers of firearms to register them and to pay the relevant tax so that potential purchasers can lawfully accept them. Stepp-Zafft also suggests that *NFIB v. Sebelius*, 567 U.S. 519 (2012), narrowed Congress's taxing power and superseded *Hall*. But *NFIB upheld* an Act of Congress based on the taxing power, *id.* at 574, and nothing in that decision obviously undermines our relevant precedent. The district court therefore committed no plain error.

The judgment of the district court is affirmed.

_____