Filed 10/7/21  P. v. Mata CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SERGIO ANTONIO MATA, Defendant and Appellant. | F081969 (Super. Ct. No. VCF373341) OPINION |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge and Melinda Myrle Reed, Judges.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Snauffer, J. and Peña, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment after a no contest plea and, as it concerns the denial of a motion to suppress, is authorized by Penal Code section 1538.5, subdivision (m).

## STATEMENT OF THE CASE

An information charged Sergio Antonio Mata with driving under the influence, with three priors (Veh. Code,[1] § 23152, subd. (a); count 1), driving with a blood alcohol level of 0.08 percent or higher, with three priors (§ 23152, subd. (b); count 2), and driving when privilege suspended, with priors (§ 14601.2, subd. (a); count 3).  Counts 1 and 2 also contained a special allegation of driving with a blood alcohol level of .15 percent by weight and more (§ 23578).

Defense counsel filed a motion to suppress, pursuant to Penal Code section 1538.5, subdivision (m), in which he argued that the traffic stop constituted an unfair detention.  The motion was originally heard during the preliminary hearing held on May 7, 2019.  At the conclusion of the hearing, counsel argued that, under *United States v. Colin* (9th Cir. 2002) 314 F.3d 439, Mata's act of driving on the traffic lane line for one second did not constitute a violation of section 21658, subdivision (a) and, therefore, the traffic stop was unconstitutional.  The court deferred ruling on the motion until the parties could submit supplemental briefing.

On October 24, 2019, the court stated that it found the officer who testified at the preliminary hearing to be "exceedingly honest, reliable, accurate, [and] dependable[.]"  The court then stated that if it finds that the officer only observed weaving within the lane for a short period of time and the car just touched the line, then the court would likely grant the motion.  The court then put the matter over for further consideration and argument.

---

[1] Unlabeled statutory references are to the Vehicle Code.

2.

On November 4, 2019, the court stated that if all the officer had seen was Mata's vehicle touch the lane line, then the court would have granted the motion to suppress. However, the court found "probable cause" for a traffic stop based on the officer's testimony that he observed Mata weaving within the lane for 30 to 45 seconds. For this reason, the court denied the motion.

Defense counsel filed a Penal Code section 995 motion in which he challenged the denial of his motion to suppress. In that motion, counsel argued that the sole legal support for the traffic stop was Mata's act of driving on the lane line, which did not constitute a violation of section 21658, subdivision (a). As such, counsel argued the officer did not have the reasonable suspicion necessary to stop Mata. The superior court heard and denied the Penal Code section 995 motion on August 12, 2020. The court found that the officer had reasonable suspicion to believe Mata was driving under the influence based on the 30 to 45 seconds the officer spent observing Mata before initiating the traffic stop.

On September 4, 2020, Mata waived his constitutional rights and pled no contest to counts 2 and 3. On October 16, 2020, the court sentenced Mata to the middle term of two years for count 2. The court suspended execution of that sentence and placed Mata on five years' probation with the condition that he serve 365 days in county jail. The court awarded him two days' presentence credit and imposed the following fines and fees: $500 restitution fine; $500 probation revocation fine; $40 court security fee; $30 conviction assessment; $3,959 fine pursuant to section 2800.2; $2,594 fine pursuant to section 23536; $1,385 fine pursuant to section 14601.2, subd. (d)(1); $50 fine pursuant to section 1463.25; and $250 for the cost of the presentence report.[2] The court imposed no sentence for count 3 and dismissed count 1.

---

[2] The $250 presentence report fee was subsequently vacated by the trial court in accordance with the requirements of Penal Code section 1237.2 and Assembly Bill No. 1869.

On October 29, 2020, Mata filed a timely notice of appeal from the denial of his motion to suppress.

## STATEMENT OF FACTS[3]

On October 29, 2018, at 2:00 a.m., California Highway Patrol Officer Adrian Gonzalez observed two vehicles following each other, both of which were weaving from side-to-side. Officer Gonzalez followed the vehicles for 30 to 45 seconds. The officer believed both drivers were impaired. When the pickup truck Mata was driving crossed onto the white line for one second,[4] the officer attempted to pull over both vehicles. Only Mata stopped. Officer Gonzalez testified that he believed driving on the white line is a violation of the Vehicle Code.

Officer Gonzalez administered several field sobriety tests and then arrested Mata. Mata's blood alcohol level was later determined to be 0.158 percent.

## APPELLATE COURT REVIEW

Mata's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Mata was advised he could file his own brief with this court. By letter on February 11, 2021, we invited Mata to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we found no evidence of ineffective assistance of counsel. We did, however, determine that two fines appeared to have been imposed in error: (1) The $3,959 fine imposed pursuant to section 2800.2, as Mata was never charged with this offense, and did not plead to it; and (2) The $2,594 fine

---

[3] Taken from the transcript of the preliminary hearing held on May 7, 2019.

[4] The duration was confirmed by watching the dashboard cam video (MVARS) taken from the officer's patrol car, which defense counsel played for the court. We have also viewed the MVARS video which was made a part of the appellate record.

4.

imposed pursuant to section 23536 for a first DUI offense, as this was not Mata's first offense. By letter on September 20, 2021, we requested Mata's counsel and the Attorney General address whether these two fines were properly imposed. By separate letters dated October 1, 2021, Mata's counsel and the Attorney General agreed both fines were improperly imposed and should be stricken, but that a separate $2,594 fine should be imposed pursuant to section 23550, subdivision (a), for Mata's fourth DUI offense. We concur.

## DISPOSITION

The matter is remanded to the trial court for further proceedings. On remand, the trial court is directed to strike the fines imposed under sections 2800.02 and 23536, and to impose a fine of $2,594 pursuant to section 23550, subdivision (a). The trial court is further directed to correct the abstract of judgment in regard to the fines and forward the corrected abstract to all appropriate parties. The judgment is otherwise affirmed.